464 P.2d 889

STATE of New Mexico, Plaintiff-Appellee,

v.

John HATHAWAY, also known as John M. Hathaway and John Marrion Hathaway, Defendant-Appellee,

United Bonding Insurance Company, an Indiana Corporation, and L. O. Brewer, individually and doing business as United Bonding Company, Defendants-Appellants.

No. 8872.

Supreme Court of New Mexico.

Feb. 9, 1970.

Easley & Reynolds, Hobbs, for defendants-appellants.

James A. Maloney, Atty. Gen., Mark B. Thompson, III, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

FRANK B. ZINN, District Judge.

John Hathaway, an escaped convict from Florida, came to this state and while here committed an act resulting in his arrest and the initiation of a prosecution against him. He was charged with forgery in a Lea County Justice of the Peace Court and was released upon the filing of a surety bond in the sum of $2,500.00 guaranteeing his appearance. The bond was executed by L. O. Brewer, agent for United Bonding Insurance Company.

At the time of taking the bond, an arraignment of Hathaway was set, but Hathaway did not appear. United's agent successfully sought a continuance. At the subsequent hearing Brewer appeared and informed the justice of the peace that Hathaway had returned to Florida and was again incarcerated. Upon the motion of Brewer, the arraignment was again rescheduled to allow United time to try to return Hathaway. At the final hearing Brewer appeared and advised that Hathaway was still not available. The justice of the peace on request of the assistant district attorney then made a finding that defendant failed to appear and entered an order forfeiting the bond on that same date. Based upon the forfeiture of bail the State brought suit in a civil action in the District Court of Lea County resulting in a judgment against the appellants for the full amount of the bond.

Appellant United seeks reversal of the judgment of forefeiture on two points. As its first point appellant contends that no call was made of the principal Hathaway, so that the order of forfeiture was not valid. Both Hathaway and United, as bail, were informed of the first date for arraignment, and United was informed of the continued hearings. Notice to the surety or bail is sufficient notice to the principal. State v. United Bonding Insurance Company (No. 8819, decided February 9, 1970) N.M., 464 P.2d 884. To require a cercmonial calling out of the principal's name when his absence is obvious and that fact acknowledged in open court by the bail would be useless. The court's finding that Hathaway failed to appear was supported by the record.

The second point urged by appellant is the same as that urged by it in State v. United Bonding Insurance Company, supra. Appellant contends that no forfeiture should have been declared under § 41–4–21, N.M.S.A., 1953 Comp., because Hathaway's incarceration in Florida was "sufficient

cause" for his nonappearance, and in any event the trial court should have exercised the forbearance authorized by § 41–4–22, N.M.S.A., 1953 Comp. For the reasons stated in State v. United Bonding Insurance Company, supra, we find no error in declaring the forfeiture and no abuse of discretion by the trial court in failing to grant United's request that any entry of final judgment or execution upon it awaits the opportunity to produce the principal, Hathaway, subsequent to his release from jail in Florida.

The judgment is affirmed and the cause remanded for execution of the judgment. In the event of Hathaway's surrender to appear in court to answer the charges against him, before such execution of the judgment occurs, the court shall take such further action as may be deemed appropriate pursuant to statute.

It is so ordered.

WATSON and SISK, JJ., concur.